**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**JULY SESSION, 1997**



FILED

September 26, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9611-CC-00405** |
| | ) | |
| Appellee, | ) | |
| | ) | **SEVIER COUNTY** |
| | ) | |
| **V.** | ) | |
| | ) | **HON. WILLIAM R. HOLT, JR., JUDGE** |
| **BOBBY TEASTER,** | ) | |
| | ) | |
| Appellant. | ) | **(DUI)** |

FOR THE APPELLANT:

**EDWARD CANTRELL MILLER**
District Public Defender

**SUSANNA LAWS THOMAS**
Assistant Public Defender
102 Mims Avenue
Newport, TN 37821-3614

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243-0943

**ALFRED C. SCHMUTZER, JR.**
District Attorney General

**G. SCOTT GREEN**
Assistant District Attorney General
125 Court Avenue, Room 301-E
Sevierville, TN 37862

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# <u>OPINION</u>

The Defendant, Bobby Teaster, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Following a jury trial in the Criminal Court of Sevier County, the Defendant was convicted of driving under the influence, first offense. The trial court sentenced Defendant to serve eleven (11) months, twenty-nine (29) days, with fifty percent (50%) minimum service prior to release. The sentence was ordered to run consecutive to a prior ten (10) year penitentiary sentence for bribery and subornation of perjury in Case No. 5675 in Sevier County. Defendant raises two issues on appeal: (1) that the evidence was insufficient to sustain a verdict of guilty beyond a reasonable doubt of first offense DUI, and; (2) that the trial court erred by ordering consecutive sentencing. We affirm the judgment of the trial court.

## I. SUFFICIENCY OF THE EVIDENCE

When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosection, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). This standard is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. <u>State v. Matthews</u>, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. <u>State v. Cabbage</u>, 571 S.W.2d 832,

835 (Tenn. 1978). Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn. 1987). Nor may this court reweigh or reevaluate the evidence. Cabbage, 571 S.W.2d at 835. A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. Grace, 493 S.W.2d at 476.

At approximately 11:00 p.m. on January 18, 1994, Rene Kendall and Jeff Warner, both of whom are Pigeon Forge police officers, were on patrol and drove into the parking lot of the Gold Star gas station and market. The Gold Star sits at an intersection of two public roads. They immediately saw Defendant walking unsteadily from a truck at the gas pump to the inside of the store. The officers stopped and watched him while noting that he had left his truck running. A few minutes later, Defendant walked unsteadily back to his truck and got inside the vehicle. The officers pulled up to the truck where Defendant was sitting by himself. Officer Kendall requested Defendant to get out of the truck. Kendall smelled alcohol on Defendant, and noticed that he was unsteady getting out of the truck. The officers and Defendant went back into the store because it was cold. Inside the store, Defendant agreed to submit to field sobriety tests.

First, Defendant failed the alphabet test. Officer Kendall testified that Defendant slurred his words and could not say the alphabet in the correct order. Second, he failed the stand-on-one foot test. Officer Kendall observed that Defendant was unable to control his balance. Third, Defendant failed the heel-to-toe test. According to Officer Kendall, Defendant could not keep his balance while attempting to walk a straight line. Officer Kendall determined Defendant to be extremely impaired. At this point Defendant was placed under arrest for DUI, and Officer Kendall asked him to empty his pockets. Defendant removed a glass vial of white powder from his coat pocket. Officer Kendall then searched Defendant and removed a bag of white powder from his shirt pocket and a tube pipe from his back pocket. The powder was sent to the crime lab, and it tested positive for cocaine. Defendant said the cocaine was for his personal use.

Defendant was taken to the police station where Officer Kendall asked Defendant to submit to a blood test for drugs and alcohol. Defendant refused the blood test but said he would take an intoximeter test. Neither test was administered. The proof at trial was that Defendant had previously pled guilty to misdemeanor drug charges in the Trial Justice Court of Sevier County regarding the cocaine and drug paraphernalia found in his possession at the time of his arrest for DUI.

Officer Warner testified that on January 18, 1994, he was on patrol with Officer Kendall. He saw the Defendant staggering to his truck. Officer Warner was present during the field sobriety tests given to Defendant, and in his opinion, Defendant was "highly under the influence of either alcohol and/or drugs."

The defense proof consisted of the testimony of Iva McMahan, the Defendant's aunt. She testified that on January 18, 1994, the Defendant called her from the Gold Star market for assistance because he had run out of gas in his vehicle. She and her husband picked Defendant up and took him to his truck on Walden's Creek. After refueling the truck, they then followed Defendant back to the Gold Star where Defendant stopped and they went back home. She testified that Defendant did not appear to be drunk, and that she did not smell any alcohol on him. She also did not remember at what time she last saw Defendant on that night.

Tennessee Code Annotated section 55-10-401(a) provides in part as follows:

> (a) It is unlawful for any person to drive or to be in physical control of any automobile . . . on any of the public roads and highways of the state, . . . or any other premises which is generally frequented by the public at large, while: (1) Under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system; . . . .

First, from the testimony at trial, Defendant was clearly in physical control of his truck. The officers observed Defendant get out of his running truck, enter the store, and then return to his truck moments later with the engine still running. See State v. Lawrence, 849 S.W.2d 761 (Tenn. 1993). Second, he was clearly on premises frequented by the public at large. The Gold Star gas station and market is located in a busy part of Pigeon Forge. It logically follows that the Gold Star is an establishment frequented by the public. Third, Defendant was clearly under the influence of an intoxicant. Based on Officer Kendall's experience and observations, he determined Defendant to be "very impaired" and drunk. Officer

Warner further testified that he observed Defendant to be "highly under the influence of either alcohol and/or drugs." A rational jury could have concluded that the Defendant's appearance, his staggering walk, his slurred speech, and his failure to adequately perform each of the field sobriety tests demonstrated that the Defendant was under the influence of an intoxicant.

In viewing the evidence in the light most favorable to the State, the evidence was sufficient to support a conviction for first offense, DUI. This issue is without merit.

## II. SENTENCING

Defendant argues that the trial court erred in ordering consecutive sentencing. Defendant was convicted on September 26, 1995 of bribery and subornation of perjury and was sentenced to ten (10) years in prison. (Case No. 5675, Sevier County). He was serving that sentence when brought before the trial court and convicted of DUI. The DUI sentence was ordered to be served consecutively to the sentences for bribery and subornation of perjury.

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d

166, 169 (Tenn. 1991). There are, however, exceptions to the presumption of correctness. First, the record must demonstrate that the trial court considered the sentencing principles and all relevant facts and circumstances. Id. Second, the presumption does not apply to the legal conclusions reached by the trial court in sentencing. Third, the presumption does not apply when the determinations made by the trial court are predicated upon uncontroverted facts. State v. Smith, 898 S.W.2d 742, 745 (Tenn. Crim. App. 1994), perm. to appeal denied, id. (Tenn. 1995).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the facts and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Our review requires an analysis of: (1) The evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, & -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Upon review of the record, we find that the trial court did not explicitly set forth its reasoning in ordering consecutive sentencing, and hence, failed to follow proper statutory sentencing procedure. Therefore, review by this court is de novo without a presumption of correctness.

Upon request by the Defendant, the trial court proceeded to sentence Defendant immediately following the jury verdict. The State submitted facts in its argument during the hearing regarding the Defendant's extensive criminal history, and defense counsel admitted that the criminal history recited by the State was "essentially" as the prosecutor had submitted. This record reflects that the Defendant has been convicted of bribery, subornation of perjury, possession with intent to sell or deliver Schedule IV drugs, simple possession of cocaine, possession with intent to sell or deliver marijuana, possession with intent to sell or deliver cocaine, and another DUI conviction. Both of Defendant's arrests for DUI and the conduct which led to the bribery and subornation of perjury charges were committed by Defendant while he was on probation and/or parole from prior felony convictions.

During the relatively brief sentencing hearing, the trial court did not state on the record how he had applied the principals of sentencing found in Tennessee Code Annotated section 40-35-103, failed to submit specific findings of fact as required by Tennessee Code Annotated section 40-35-209(c), and did not state reasons for the decision to order consecutive sentencing. However, pursuant to Tennessee Code Annotated section 40-35-115, we find that the record supports by a preponderance of the evidence that Defendant is an offender whose record of criminal activity is extensive. Tenn. Code Ann. § 40-

35-115(b)(2). Furthermore, we find from the record as a whole that consecutive sentencing is necessary to protect the public from Defendant and is reasonably related to the severity of the offenses committed by Defendant. State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995).

The Defendant on appeal relies upon the trial court's failure to specifically set forth facts to justify a consecutive sentence in support of his argument that this court should reverse the trial court and order the sentence to be served concurrently to the prior felony convictions. While the trial court may have failed to specify certain facts to support the consecutive sentencing, we find that the record provides the facts necessary to affirm the trial court's action.

Finding the evidence sufficient to support the conviction, and that there is no error in ordering the sentence to be served consecutively to the prior convictions for bribery and subornation of perjury, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
JOHN K. BYERS, Senior Judge